UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SALTY DAWG EXPEDITION, INC.
and DAVID BOCK,

    Plaintiffs,

v.                                  CASE NO. 8:16-cv-3268-T-23TBM

KEVIN BORLAND,

    Defendant.
_____/

## **ORDER**

Six months after Kevin Borland injured his back while standing watch aboard the *M/V Salty Dawg*, Borland's counsel demanded maintenance and cure. Forty-eight hours after receiving the demand letter, Salty Dawg Expedition, Inc., and David Bock, who owns Salty Dawg Expedition, Inc., sued (Doc. 1) for a declaratory judgment that Salty Dawg and Bock owe no maintenance and cure because Borland fails to qualify as a "seaman" under the Jones Act, which permits a "seaman injured in the course of employment" to sue an employer for negligence.[1] Even though the Jones Act unambiguously protects the right to a jury trial,[2] Bock and Salty Dawg

---

[1] A June 30, 2017 order (Doc. 28) denies summary judgment on the issue of Borland's "seaman status."

[2] "A seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury." 46 U.S.C. § 30104.

argue that their expedient exploitation of a procedural quirk (that is, the request for a declaratory judgment and the consequent invocation of Rule 9(h), Federal Rules of Civil Procedure) extinguished Borland's statutory and constitutional right to a jury trial.  Borland opposes (Doc. 34) Bock and Salty Dawg's motion (Doc. 31) to strike Borland's request for a jury trial.

**1. Procedural posture**

Salty Dawg Expedition, Inc., and Bock sued (Doc. 1) for a declaratory judgment that Borland fails to qualify as a "seaman" under the Jones Act.  The complaint alleges both admiralty and diversity jurisdiction.  (Doc. 1 at ¶¶ 7–8)  Omitting from the complaint a request for a jury trial, Bock and Salty Dawg inserted the phrase "In Admiralty" prominently on the first page of the complaint.

In the answer, Borland admitted admiralty jurisdiction but "reserve[d] his right to a jury trial under the Jones Act."  (Doc. 9 at ¶ 7)  Also, Borland admitted that the amount in controversy exceeds $75,000 and that the adverse parties share no citizenship.  (Doc. 9 at ¶ 8)  Additionally, Borland counter-claimed against Salty Dawg and Bock for negligence under the Jones Act, for unseaworthiness under maritime law, for maintenance and cure under maritime law, and for negligence under maritime law.  (Doc. 9 at 7–14)  Finally, Borland demanded a jury trial.  (Doc. 9 at 15)  Borland asserted no *in-rem* claim against the *M/V Salty Dawg*.

**2. Right to a jury trial**

If Borland sued first, at least two sources would guarantee Borland's right to a jury trial. First, Congress provided in Section 30104 of the Jones Act that a "seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury."[3] Although Section 30104 provides a jury trial only on a Jones Act claim, *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16 (1963), extends the jury-trial right to a maritime-law claim "closely related" to the Jones Act claim. In *Fitzgerald*, a seaman injured aboard a vessel sued the vessel's owner for negligence under the Jones Act, for unseaworthiness under maritime law, and for maintenance and cure under maritime law. The district court permitted a jury trial on the Jones Act and unseaworthiness claims but denied the request for a jury trial on the maintenance-and-cure claim.

*Fitzgerald* explains that a bench trial on some claims and a jury trial on others unnecessarily confuses the two trials, "complicates" the application of *res judicata*, and often results in a plaintiff's under-compensation or a defendant's over-exposure to liability. 374 U.S. at 18–19. To resolve the problems attendant to two trials about the same incident, *Fitzgerald* holds that a single finder of fact — a jury — must hear the Jones Act claim and the maritime-law claims if the seaman requests a jury trial. 374 U.S. at 21–22. *Fitzgerald* confirms the availability of a jury trial on all four of Borland's counter-claims, which involve the same May 10, 2016 injury.

---

[3] The seaman elects between an action at law and an admiralty action, which carries no right to a jury trial.

Second, the Seventh Amendment preserves the right to a jury trial in a common-law action, that is, an action "at law." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708–11 (1999). Although no right to a jury trial historically attended an action that invoked admiralty jurisdiction, the "saving-to-suitors" clause in 28 U.S.C. § 1333 protects "all other remedies to which [a suitor is] otherwise entitled." The decisions consistently interpret the saving-to-suitors clause to preserve the right to a jury trial if the plaintiff in an admiralty dispute successfully invokes a jurisdiction other than admiralty (for example, diversity or federal question). *E.g.*, *Powell v. Offshore Nav., Inc.*, 644 F.2d 1063, 1065–66 (5th Cir. May 11, 1981) ("[A] common law claim heard under the court's diversity jurisdiction is nevertheless beyond the reach of the admiralty rule restricting the right to trial by jury."). If a seaman injured aboard a vessel invokes diversity or federal-question jurisdiction, the action constitutes an action "at law," and the Seventh Amendment preserves the right to a jury trial. For example, in *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355 (1962), a longshoreman sued a vessel's owner for negligence and unseaworthiness under maritime law. Rather than invoke admiralty jurisdiction, the longshoreman elected to invoke diversity jurisdiction. *Atlantic & Gulf Stevedores* explains that the successful invocation of "diversity [jurisdiction] carried with it, of course, the right" under the Seventh Amendment to a jury trial. 369 U.S. at 360.

If Borland sued first, Borland could have invoked both diversity and federal-question jurisdiction. The parties agree that the amount in controversy exceeds $75,000 and that the adverse parties share no citizenship. (Doc. 1 at ¶ 8; Doc. 9 at ¶ 8) Also, Borland alleges a counter-claim under the Jones Act, which would establish federal-question jurisdiction. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 359 (1959); *Powell*, 644 F.2d at 1068. Borland counterclaims "at law" against Salty Dawg Expedition, Inc., and Bock. The counter-claims include no admiralty designation under Rule 9(h), and Borland asserts no *in-rem* claim against the *M/V Salty Dawg*, which would necessarily invoke admiralty jurisdiction. Under the Jones Act and the saving-to-suitors clause, Borland's preference to proceed at law rather than in admiralty would afford Borland a jury trial on all the claims.

**3. Procedural posturing**

Despite the apparent availability of a jury trial, Salty Dawg and Bock argue that the declaratory-judgment request, which invokes Rule 9(h), extinguishes Borland's right to a jury trial. In a typical action at law, Rule 38(a) preserves "inviolate" the right to a jury trial "as declared by the Seventh Amendment to the Constitution — or as provided by a federal statute." But if a claim "is within" both admiralty jurisdiction and another jurisdiction, Rule 9(h) permits designating the claim as an admiralty claim "for purposes of . . . Rule 38(e)," which withdraws "on issues in a claim that is an admiralty or maritime claim" the protection in Rule 38(a)

of the right to a jury trial.  In short, a Rule 9(h) designation ordinarily precludes a jury trial on an admiralty claim.

For three reasons, Bock and Salty Dawg Expedition's Rule 9(h) designation cannot extinguish Borland's statutory and constitutional right to a jury trial.  First, Bock and Salty Dawg's complaint asserts no maritime "claim."  The request for a declaratory judgment, which duplicates several of Bock and Salty Dawg's affirmative defenses (Doc. 10), merely denies liability based on Borland's alleged failure to qualify as a seaman.

Second, even if the declaratory-judgment request asserts a "claim," Rule 38(e) precludes a jury trial on "issues in a claim that is an admiralty or maritime claim." Bock and Salty Dawg Expedition's complaint requests a declaratory judgment on two "issues": Borland's "status as a seaman" (Doc. 1 at ¶¶ 25–49) and the amount of maintenance and cure (Doc. 1 at ¶¶ 50–52).  The complaint requests no declaratory judgment about Bock and Salty Dawg's purported negligence.  In fact, the word "negligence" appears nowhere in Bock and Salty Dawg's request for a declaratory judgment. Although Borland's "status" as a seaman affects the Jones Act claim, the maintenance-and-cure claim, and the unseaworthiness claim, Borland's negligence claim can succeed regardless of Borland's "seaman status."  Because no party invokes Rule 9(h) to exclude under Rule 38(e) the prospect of a jury trial on the negligence claim — which, as explained above, Borland can try "at law" under diversity jurisdiction — Rule 38(a) protects "inviolate" Borland's right to a jury trial

on that claim. And, as *Fitzgerald* explains, a single trial preserves the parties' and the judiciary's resources and promotes a "fair" outcome.

Third, the invocation of the Declaratory Judgment Act in an apparent attempt to prevent Borland's exercise of his statutory and constitutional right to a jury trial contravenes the Supreme Court's repeated instruction that the Declaratory Judgment Act "leave[s] substantive rights unchanged." *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 134 S.Ct. 843, 849 (2014); *accord Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950) (disregarding the declaratory-judgment posture of an action in determining whether the action invoked subject-matter jurisdiction). In *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), Fox contracted with a movie distributor for the exclusive right to play a new movie in a Fox theater. A competitor, Beacon demanded that Fox withdraw from the agreement, which Beacon believed a violation of the Sherman and Clayton Acts. After Beacon's demand, Fox sued for a declaration that the movie-distribution agreement complied with antitrust law. Beacon requested a jury trial on its counter-claims under the Sherman and Clayton Acts, which allow a jury trial, but the district court denied the request. Explaining that Rule 57 "specifically preserves the right to a jury trial for both parties" in a declaratory-judgment action, *Beacon Theatres* observes that Beacon — a plaintiff but for the Declaratory Judgment Act — "cannot be deprived of [the jury-trial] right merely because Fox took advantage of the availability of declaratory

relief to sue Beacon first." 359 U.S. at 504. Like the defendant in *Beacon Theatres*, Borland prefers to exercise his statutory and constitutional right to a jury trial.

The Declaratory Judgment Act, which provides that a district court "may declare the rights" of a party, confers "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287–88 (1995). In this instance, the operation of the Declaratory Judgment Act deprives Borland of a statutory and constitutional right to a jury trial. In an action that involves both a legal claim and an equitable claim, *Beacon Theatres* commands the judiciary to exercise discretion, "wherever possible," to preserve the right to a jury trial. 359 U.S. at 510. If the record reveals a genuine dispute of material fact, a jury must decide Borland's claims. *See, e.g.*, *Royal Caribbean Cruises, Ltd. v. Whitefield ex rel. Martinez*, 664 F.Supp.2d 1270, 1277 (S.D. Fla. 2009) (Moore, J.) ("[A] seaman who is a defendant in a federal declaratory judgment action may protect his saving to suitors rights by filing a Jones Act counterclaim in federal court.").

None of the decisions cited by Bock and Salty Dawg compels denying Borland's right to a jury trial. First, Bock and Salty Dawg cite *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249 (5th Cir. 1975), for the proposition that a plaintiff's invoking Rule 9(h) prohibits a defendant's obtaining a jury trial. In *Romero*, the plaintiff mentioned in his complaint both admiralty and diversity jurisdiction and cited Rule 9(h). The defendants and the district court interpreted the plaintiff's Rule 9(h) designation as a waiver of the right to a jury trial. A pre-trial order

permitted the plaintiff a final opportunity to amend the complaint and omit the mention of Rule 9(h), but the plaintiff declined to amend the complaint. Over the plaintiff's untimely objection, the district judge heard the action, and the plaintiff appealed the denial of his belated request for a jury trial. *Romero*, which involves no request by a defendant for a jury trial, holds only that a plaintiff who invokes admiralty jurisdiction and who persists in citing Rule 9(h) cannot claim on the eve of trial that a jury must decide the action. Also, *Romero* includes no request for a declaratory judgment.

Additionally, Bock and Salty Dawg cite *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181 (11th Cir. 2009), the holding of which relies exclusively on *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968 (5th Cir. 1978). In *Harrison*, a longshoreman who suffered a chemical burn aboard a vessel sued the vessel's owner for negligence and unseaworthiness and cited Rule 9(h). The vessel's owner impleaded the stevedore, which impleaded the shipper of the chemical. Also, the vessel's owner amended his third-party complaint to sue the shipper. Finally, the plaintiff amended the complaint to sue the shipper. Again, the plaintiff's amended complaint invoked admiralty jurisdiction and cited Rule 9(h). The shipper attempted to invoke diversity jurisdiction and requested a jury trial, but the district court denied the request. Although *Harrison* affirms the denial of the request for a jury trial, several pertinent facts distinguish this action and *Harrison*. First, *Harrison* distinguishes *McCrary v. SeaTrain Lines, Inc.*, 469 F.2d 666 (9th Cir. 1972)

(Goodwin, J.), because the plaintiff in *Harrison* "has not alleged diversity as an alternative basis of jurisdiction." 577 F.2d at 978. In *McCrary*, a longshoreman sued a vessel's owner and alleged both admiralty and diversity jurisdiction. The vessel's owner impleaded the stevedore, which demanded a jury trial on the vessel owner's indemnity claim against the stevedore. After the longshoreman settled the action against the vessel's owner, the district court denied the stevedore's request for a jury trial on the claim between the stevedore and the vessel owner. Because the longshoreman's complaint alleged both admiralty and diversity jurisdiction, *McCrary* states that the district court erred in denying the stevedore's request for a jury trial. Like *McCrary* but not *Harrison*, Bock and Salty Dawg allege diversity jurisdiction. (Doc. 1 at ¶ 8) Second, *Harrison* distinguishes *Fitzgerald* because the seaman in *Harrison*, unlike in *Fitzgerald*, preferred a bench trial. Again, *Harrison* involves no request for a declaratory judgment. As explained above, a long line of Supreme Court decisions holds that the Declaratory Judgment Act, which allows the party who would ordinarily defend an action to initiate the litigation, cannot alter a party's "substantive rights." *See, e.g.*, *Skelly*; *Beacon*; *Medtronic*. In both *Fitzgerald* and this action and unlike in *Harrison*, the injured seaman prefers to exercise the substantive right to a jury trial.

Finally, although *Lago Canyon* involves a declaratory judgment, at least two pertinent facts distinguish this action. First, the Jones Act expressly provides Borland the right to a jury trial on the Jones Act claim, and *Ftizgerald* extends the jury-trial

- 10 -

right to Borland's maritime-law claims.  Second, the declaratory-judgment request and the counter-claim in *Lago Canyon* involved the same "issue": whether an insurance policy covered a yacht's sinking.  561 F.3d at 1185 ("Lago Canyon's counterclaim is the flip side of St. Paul's own claim.").  In this action, Borland asserts claims not covered by narrow declaratory-judgment request.  Because Rule 38(e) precludes a jury trial only on "issues in a claim that is an admiralty claim," Rule 38(a) preserves Borland's right under the saving-to-suitors clause and the Jones Act to a jury trial.

**4. Request to bifurcate trials**

Additionally, Bock and Salty Dawg request a "separate bench trial on the issue of seaman status to avoid prejudice and to promote judicial economy." (Doc. 31 at 6)  The request warrants denial for at least two reasons.  First, the Jones Act and the saving-to-suitors clause entitle Borland to a jury trial.  Second, two trials in this action wastes the parties' and judiciary's resources.  A trial to determine Borland's status as a seaman will likely require several witnesses (including Borland) to travel to Tampa from Oregon.  Even if the finder of fact in the first trial concludes that Borland is not a seaman, the negligence claim might require the parties and the witnesses to assemble a second time in Tampa.  And the parties will waste the second jury's valuable time by presenting evidence already presented to the first jury.[4]

---

[4] Bock and Salty Dawg's implausible argument that a single trial of all the claims would prejudice Bock and Salty Dawg lacks merit.

Bock and Salty Dawg argue that a preliminary trial on Borland's status will "streamline" this litigation and "maximize efficiency." (Doc. 31 at 7) In fact, experience (strongly) suggests that the prospect of two trials about the same incident and in the same action achieves the opposite result. The motion (Doc. 31) to strike Borland's demand for a jury trial or to bifurcate the issue of Borland's seaman status is **DENIED**.

ORDERED in Tampa, Florida, on October 19, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE